1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CANDY APPLE,<br><br>               Plaintiff,<br><br>    v.<br><br>CENTRAL PORTFOLIO CONTROL, INC., a Minnesota Corporation and Collection Agency, and LINK REVENUE RESOURCES, LLC., a Delaware Limited Liability Company and Collection Agency,<br><br>               Defendants. | NO. 2:20-cv-1871<br><br>**PLAINTIFF'S CLASS ACTION COMPLAINT FOR VIOLATIONS OF WASHINGTON'S CONSUMER PROTECTION ACT AND THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## I. INTRODUCTION

1.1    Medical bills ruin too many Americans' financial lives. According to the Consumer Financial Protection Burau, nearly one in five credit reports contain one or more medical debt collection tradelines.[1] Even relatively small medical bills can have devastating consequences for consumers who often have difficulty tracking down who they allegedly owe for what medical care, especially after the bills are assigned to a collection agency.

1.2    In 2019, the Washington State Legislature responded to the growing crisis caused by aggressive collection of medical debts with a series of reforms. Among other things, a collection agency collecting hospital debt must advise consumers of their potential eligibility for

[1] CFPB, Consumer credit reports: A study of medical and non-medical collections at 4 (Dec. 2014), available at https://files.consumerfinance.gov/f/201412_cfpb_reports_consumer-credit-medical-and-non-medical-collections.pdf

Robert Mitchell, Attorney at Law
700 W. Evergreen Blvd.
Vancouver, WA  98660
(360) 993-5000      Fax (888) 840-6003

financial assistance, known as charity care, in their initial letters seeking to collect on alleged debts for hospital care. RCW 19.16.250(29).

1.3    On December 31, 2019, Defendants, CENTRAL PORTFOLIO CONTROL  and LINK REVENUE RESOURCES, sent Plaintiff, CANDY APPLE two collection letters seeking to collect two medical claims from ST. JOSEPH MEDICAL CENTER PARENT LOCATION in Tacoma

1.4    On December 21, 2020, Plaintiff paid Defendants $20.00 toward the St. Joseph's medical claims.

1.5    Defendants' collection letters failed to make the required disclosure about charity care. St. Joseph recently entered into a multimillion-dollar settlement with Washington State Attorney General in order to resolve claims that it systemically failed to comply with charity care requirements.

1.6    Defendants mailed similar letters to other Washington citizens.

## II.  PARTIES

2.1    Plaintiff, CANDY APPLE is a resident of Washington State.

2.2    The medical services Plaintiff obtained from St. Joseph Medical Center Parent Location were primarily for personal, family, or household purposes.

2.3    Defendants allege that Plaintiff failed to pay for services.

2.4    Plaintiff is therefore a "debtor" as defined by the Collection Agency Act (CAA), and a "person" as defined by the Consumer Protection Act (CPA), and Plaintiff acted as a "debtor" and "person" at all times relevant to this litigation.

2.5    Defendant, CENTRAL PORTFOLIO CONTROL, INC., a Minnesota Corporation, (hereinafter "Central" or "Defendant"), is a collection agency and a business which regularly collects defaulted accounts originally owed to others.

2.6    The principal purpose of Central's business is the collection of third-party debts originally owed to others.

PLAINTIFF'S CLASS ACTION COMPLAINT FOR
VIOLATIONS OF WASHINGTON'S CONSUMER
PROTECTION ACT AND THE FAIR DEBT COLLECTION
PRACTICES ACT – 2

Robert Mitchell, Attorney at Law
700 W. Evergreen Blvd.
Vancouver, WA  98660
(360) 993-5000      Fax (888) 840-6003

2.7     Central is a licensed collection agency and conducts business in Washington State under UBI No. 602 222 599.

2.8     Central is therefore a "collection agency" as defined by the CAA, a "business" as defined by the CPA, and Defendant acted as such at all times relevant to this complaint.

2.9     Defendant, LINK REVENUE RESOURCES, LLC, a Delaware Limited Liability Company (hereinafter "Link" or "Defendant"), is a collection agency and a business which regularly collects defaulted accounts originally owed to others.

2.10    The principal purpose of LINK's business is the collection of third-party debts originally owed to others

2.11    LINK is a licensed collection agency and conducts business in Washington State under UBI No. 604 266 245.

2.12    LINK is therefore a "collection agency" as defined by the CAA, a "business" as defined by the CPA, a "debt collector" as defined by the FDCPA, and LINK acted as such at all times relevant to this complaint.

### III.  JURISDICTION AND VENUE

3.1     Jurisdiction and Venue in the United States District Court for the Western District of Washington at Seattle are appropriate where this dispute involves predominant issues of federal law, and where Plaintiff resides in Washington State, and where Defendants regularly conduct business in this District and Venue, and where some of the acts at issue and described herein occurred in this District and Venue, and where the injury to Plaintiff is related to actions that occurred in this District and Venue, and where Defendants engage in substantial business contacts in this District and Venue.  RCW 4.12.025; 28 U.S.C. § 1332; 28 U.S.C. § 1391(b); and 28 U.S.C. § 1331.

3.2     Defendants are liable unto Plaintiff, pursuant to the provisions of the Washington Collection Agency Act (RCW 19.16, *et seq*.), the Washington Consumer Protection Act (RCW

PLAINTIFF'S CLASS ACTION COMPLAINT FOR
VIOLATIONS OF WASHINGTON'S CONSUMER
PROTECTION ACT AND THE FAIR DEBT COLLECTION
PRACTICES ACT – 3

Robert Mitchell, Attorney at Law
700 W. Evergreen Blvd.
Vancouver, WA  98660
(360) 993-5000     Fax (888) 840-6003

19.86 *et seq.*), the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et. seq.*), as well as other applicable federal and state laws.  Plaintiff's state law claims may be brought under the Supplemental Jurisdiction of this Court. 28 U.S.C. § 1367 *et seq.*

## IV.  STATUTORY BACKGROUND

4.1   In March 2019, the Washington State Legislature amended Washington's Collection Agency Act to provide additional protections to patients subject to medical and hospital debt collections.

4.2   As of July 28, 2019, Washington's Collection Agency Act requires collection agencies collecting medical debt to provide consumers with certain information about the alleged debts:

> If the claim involves medical debt: (a) Fail to include, with the first written notice to the debtor, a statement that informs the debtor of the debtor's right to request the original account number or redacted original account number assigned to the debt, the date of the last payment, and an itemized statement as provided in (b) of this subsection (28); (b)(i) Fail to provide to the debtor, upon written or oral request by the debtor for more information than is contained in a general balance due letter, an itemized statement free of charge. Unless and until the licensee provides the itemized statement, the licensee must cease all collection efforts. The itemized statement must include: (A) The name and address of the medical creditor; (B) The date, dates, or date range of service; (C) The health care services provided to the patient as indicated by the health care provider in a statement provided to the licensee; (D) The amount of principal for any medical debt or debts incurred; (E) Any adjustment to the bill, such as negotiated insurance rates or other discounts; (F) The amount of any payments received, whether from the patient or any other party; (G) Any interest or fees; and (H) Whether the patient was found eligible for charity care or other reductions and, if so, the amount due after all charity care and other reductions have been applied to the itemized statement; (ii) In the event the debtor has entered into a voluntary payment agreement, the debtor shall give notice if he or she wants the payment plan discontinued. If no notice is given, the payment arrangement may continue. (iii) Properly executed postjudgment writs, including writs of garnishment and

PLAINTIFF'S CLASS ACTION COMPLAINT FOR
VIOLATIONS OF WASHINGTON'S CONSUMER
PROTECTION ACT AND THE FAIR DEBT COLLECTION
PRACTICES ACT – 4

Robert Mitchell, Attorney at Law
700 W. Evergreen Blvd.
Vancouver, WA  98660
(360) 993-5000      Fax (888) 840-6003

> execution, are not required to be ceased and second or subsequent requests for information already provided do not require the cessation of collection efforts; (c) Report adverse information to consumer credit reporting agencies or credit bureaus until at least one hundred eighty days after the original obligation was received by the licensee for collection or by assignment.

RCW 19.16.250(28).

4.3   Effective July 28, 2019, the Collection Agency Act prohibits collection agencies from engaging in the following conduct:

> If the claim involves hospital debt: (a) Fail to include, with the first written notice to the debtor, a notice that the debtor may be eligible for charity care from the hospital, together with the contact information for the hospital; (b) Collect or attempt to collect a claim related to hospital debt during the pendency of an application for charity care sponsorship or an appeal from a final determination of charity care sponsorship status. However, this prohibition is only applicable if the licensee has received notice of the pendency of the application or appeal.

RCW 19.16.250(29).

## V.  ST. JOSEPH'S HISTORY OF NONCOMPLIACE WITH CHARITY CARE REQUIREMENTS

5.1   On April 29, 2019, St. Joseph entered a multimillion-dollar Consent Decree with the Washington State Attorney General, to resolve *State of Washington v. Franciscan Health System d/b/a Chi-Franciscan Health d/b/a St. Joseph Medical Center*, Pierce County Superior Court Cause No. 17-2-10901-2. See **EX. B**.

5.2   The Consent Decree resolved St. Joseph medical accounts incurred between January 1, 2012 and July 1, 2017. *Id*. at p. 10.

5.3   Pursuant to the Consent Decree, ST JOSEPH MEDICAL CENTER discharged $1,041.35 of Plaintiff's medical debts. See **EX. C** (redacted Attorney General letter to Plaintiff stating in pertinent part: "Good news – you no longer owe a debt!...As a result, you no longer owe $1,041.35 on…to St. Joseph Medical Center.")

PLAINTIFF'S CLASS ACTION COMPLAINT FOR
VIOLATIONS OF WASHINGTON'S CONSUMER
PROTECTION ACT AND THE FAIR DEBT COLLECTION
PRACTICES ACT – 5

Robert Mitchell, Attorney at Law
700 W. Evergreen Blvd.
Vancouver, WA  98660
(360) 993-5000      Fax (888) 840-6003

## VI.  FACTUAL ALLEGATIONS RELEVANT TO PLAINTIFF

6.1   In 2017, Plaintiff obtained medical services from "ST JOSEPH MEDICAL CENTER PARENT LOCATION."

6.2   Defendants allege that Plaintiff owes $581.31 for one medical bill, and $23,276.43 for another. **EXHIBIT A**, redacted copy of Defendants' collection letters.

6.3   Plaintiff qualified for Washington State's charity care program.

6.4   St. Joseph's did not offer Plaintiff charity care or tell her she could apply for charity care.

6.5   Plaintiff has received healthcare at St. Joseph Medical Center on numerous occasions.

6.6   On December 31, 2019, despite the requirements of RCW 19.16.250(28) and 19.16.250(29), and despite the Consent Decree evidencing a years' long history of problems associated with St. Joseph's handling of charity care accounts, Defendants mailed Plaintiff a collection letter demanding payment for the two accounts. *Id*.

6.7   Defendants' collection letters failed to provide the information required by the Collection Agency Act. *Id*.

6.8   The December 31, 2019 collection letters were the first written communication Defendants mailed to Plaintiff.

6.9   Defendants' first collection letters *did not* include a notice that Plaintiff may be eligible for charity care from St. Joseph.  RCW 19.16.250(29).

6.10   Defendants' first collection letters *did not* include a notice that Plaintiff was entitled to validation information regarding the medical debt.  RCW 19.16.250(28).

6.11   Defendants' first collection letters *did not* include a statement informing Plaintiff of her right to request the original account number or redacted original account number assigned to the debt, the date of the last payment, and an itemized statement including: (A) The name and address of the medical creditor; (B) The date, dates, or date range of service; (C) The health care services provided to the patient as indicated by the health care provider in a statement provided

PLAINTIFF'S CLASS ACTION COMPLAINT FOR
VIOLATIONS OF WASHINGTON'S CONSUMER
PROTECTION ACT AND THE FAIR DEBT COLLECTION
PRACTICES ACT – 6

to the licensee; (D) The amount of principal for any medical debt or debts incurred; (E) Any adjustment to the bill, such as negotiated insurance rates or other discounts; (F) The amount of any payments received, whether from the patient or any other party; (G) Any interest or fees; and (H) Whether the patient was found eligible for charity care or other reductions and, if so, the amount due after all charity care and other reductions have been applied to the itemized statement. RCW 19.16.250(28).

6.12    Defendants' December 31, 2019 letters were Defendants' initial written communication to Plaintiff.

6.13    Defendant's letters were intentionally deceptive collection letters demanding payment of unidentified debts that Plaintiff did not owe because she is entitled to the protections of Washington's Charity Care Act.

6.14    The Consent Decree filed in Pierce County Superior Court Cause No. 17-2-10901-6 clearly states that Plaintiff is entitled to Charity Care.

6.15    Plaintiff was eligible for Charity Care when the underlying medical services were received.

6.16    Because the two letters referred to care she apparently received years earlier, it was not clear to Plaintiff what the bills were for.

6.17    Plaintiff did not know whether she could request charity care to assist with the bills Defendants sought to collect.

6.18    Plaintiff spent time looking through her own records and contacting an attorney and providing records to her attorney to determine whether she had to pay the amounts Defendants demanded.

6.19    The time Plaintiff spent investigating the validity of the amounts Defendants' demanded could otherwise have been devoted to otherwise economically productive activities.

6.20    Plaintiff paid Defendants $20.00, which she did not owe because the debts are subject to Washington's Charity Care Act.

PLAINTIFF'S CLASS ACTION COMPLAINT FOR
VIOLATIONS OF WASHINGTON'S CONSUMER
PROTECTION ACT AND THE FAIR DEBT COLLECTION
PRACTICES ACT – 7

Robert Mitchell, Attorney at Law
700 W. Evergreen Blvd.
Vancouver, WA  98660
(360) 993-5000      Fax (888) 840-6003

## VII.  CLASS ACTION ALLEGATIONS

7.1   **Class and Subclass Definition**: Plaintiff brings the action under Federal Rule of Civil Procedure 23, on behalf of the following proposed class and subclass:

> **Class**: All Washington residents from whom Defendants collected or attempted to collect an alleged debt arising from heath care services provided by a hospital and to whom Defendants' sent an initial written communication in substantially the same form as Exhibit A, dated July 29, 2019, through the conclusion of this action.

> **FDCPA Subclass**: All members of the Class to whom Defendants sent an initial written communication dated October 21, 2019, through the conclusion of this action.

7.2   Plaintiff reserves the ability to revise the proposed Class and Subclass definition if appropriate based on the evidence developed in discovery.

7.3   **Numerosity**: The members of the class are so numerous that joinder of all members is impracticable.

7.4   Defendants sent letters in substantially the same form as **EXHIBIT A** to other Washington residents after July 28, 2019.

7.5   **Commonality**: There are questions of law and fact common to Plaintiff and the proposed Class and Subclass, including but not limited to:

7.5.1   Whether Defendants send form initial written communications to Washington consumers who allegedly owe debts for hospital care without advising consumers of the ability to apply for charity care as required under RCW 19.16.250(29).

7.5.2   Whether by violating RCW 19.16.250(29), Defendants and its Washington clients who placed alleged debts for hospital care with Defendants lost the ability to collect any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claim under RCW 19.16.450.

PLAINTIFF'S CLASS ACTION COMPLAINT FOR VIOLATIONS OF WASHINGTON'S CONSUMER PROTECTION ACT AND THE FAIR DEBT COLLECTION PRACTICES ACT – 8

Robert Mitchell, Attorney at Law
700 W. Evergreen Blvd.
Vancouver, WA  98660
(360) 993-5000      Fax (888) 840-6003

7.5.3     Whether the form of the December 31, 2019 letters that Defendants sent to Plaintiff were the form of the first written communication Defendants sent to Plaintiff and members of the proposed Class and Subclass.

7.5.4     Whether Defendants have a practice of sending initial written communications to Washington consumer that violate 15 U.S.C. § 1692e; 15 U.S.C. § 1692e(2); 15 U.S.C. § 1692e(10); 15 U.S.C. § 1692f; and 15 U.S.C. § 1692f(1).

7.5.5     Whether Defendants' failure to provide the information required under RCW 19.16.250(28) and (29) is unfair or deceptive under the CPA.

7.5.6     Whether Defendants' debt collection occurs in trade or commerce; and

7.5.7     The nature and extent of the class-wide injury and the measure of compensation for such injury.

7.6     **Typicality:** Plaintiff's claims are typical of the claims of the Class and Subclass. They arise out of a common course of conduct by Defendants and are based on the same legal and remedial theories. The debt collection practices to which Plaintiff was subjected are materially identical to the debt collection practices Defendants utilized in collecting or attempting to collect alleged debts from proposed class members. Defendants routinely seek to collect alleged debts for healthcare provided by hospitals without providing the charity care disclosures required by Washington law.

7.7     **Adequacy of Representation:** Plaintiff is an appropriate representative for the Class and Subclass and will fairly and adequately protect the interests of the Class and Subclass. Plaintiff understands and is willing to undertake the responsibilities of acting in a representative capacity on behalf of the proposed Class and Subclass. Plaintiff will fairly and adequately protect the interests of the Class and Subclass and has no interests that directly conflict with the interests of the Class or Subclass. Plaintiff has retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex and class action litigation,

PLAINTIFF'S CLASS ACTION COMPLAINT FOR
VIOLATIONS OF WASHINGTON'S CONSUMER
PROTECTION ACT AND THE FAIR DEBT COLLECTION
PRACTICES ACT – 9

Robert Mitchell, Attorney at Law
700 W. Evergreen Blvd.
Vancouver, WA  98660
(360) 993-5000        Fax (888) 840-6003

including consumer class actions. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the class and have the financial resources to do so.

7.8 **Predominance:** Defendants' initial written communications with alleged debtors are form letters sent to many Washington consumers. The common issues regarding the legality of Defendants' form letters predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

7.9 **Superiority:** Plaintiff and members of the Class and Subclass have suffered and continue to suffer harm and damages as a result of Defendants' unlawful and wrongful conduct. Absent a class action, however, most Class and Subclass members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. The members of the Class are readily identifiable from Defendants' records and there will be no significant difficulty in the management of this case as a class action.

## VIII.  FIRST CAUSE OF ACTION

**(Violation of the Washington Consumer Protection Act (CPA), RCW 19.86 *et seq.*—**

***per se* violations based on State Collection Agency Act violations)**

8.1   Plaintiff re-alleges all preceding paragraphs as though fully set forth herein.

8.2   Plaintiff and the Class and Subclass members are "persons" within the meaning of the CPA, RCW 19.86.010(1).

8.3   The debts allegedly owed by Plaintiff and Class and Subclass members are each "claims" as defined by RCW 19.16.100(2) because they are "obligation[s] for the payment of money or thing of value arising out of any agreement or contract, express or implied.

8.4   Plaintiff and Class and Subclass members are "debtors" as defined by RCW 19.16.100(7) because Defendants allege that Plaintiff and class members each owe a "claim."

PLAINTIFF'S CLASS ACTION COMPLAINT FOR
VIOLATIONS OF WASHINGTON'S CONSUMER
PROTECTION ACT AND THE FAIR DEBT COLLECTION
PRACTICES ACT – 10

Robert Mitchell, Attorney at Law
700 W. Evergreen Blvd.
Vancouver, WA  98660
(360) 993-5000      Fax (888) 840-6003

8.5 Defendants are "collection agency[ies]" within the meaning of RCW 19.16.100(4)(a) and RCW 19.16.100(4)(d), licensee[s] within the meaning of RCW 19.16.250, and person[s] within the meaning of the CPA, RCW 19.86.010(1).

8.6     A collection agency's commission of a practice prohibited by RCW 19.16.250 is a per se unfair or deceptive act or practice occurring in trade or commerce under the CPA. RCW 19.16.440.

8.7     The "Prohibited Practices" section of the WCAA states in pertinent part that "No licensee or employee of a licensee shall:"

> If the claim involves medical debt: (a) Fail to include, with the first written notice to the debtor, a statement that informs the debtor of the debtor's right to request the original account number or redacted original account number assigned to the debt, the date of the last payment, and an itemized statement as provided in (b) of this subsection (28).
>
> The itemized statement referred to in RCW 19.16.250(28)(a) must include:
>
> (A)     The name and address of the medical creditor;
> (B)     The date, dates, or date range of service;
> (C)     The health care services provided to the patient as indicated by the health care provider in a statement provided to the licensee;
> (D)     The amount of principal for any medical debt or debts incurred;
> (E)     Any adjustment to the bill, such as negotiated insurance rates or other discounts;
> (F)     The amount of any payments received, whether from the patient or any other party;
> (G)     Any interest or fees; and
> (H)     Whether the patient was found eligible for charity care or other reductions and, if so, the amount due after all charity care and other reductions have been applied to the itemized statement.

RCW 19.16.250(28).

8.8     Defendants' first written notice to Plaintiff and members of the Class failed to include the disclosure required by RCW 19.16.250(28).

8.9     The "Prohibited Practices" section of the WCAA states in pertinent part that "No licensee or employee of a licensee shall:"

PLAINTIFF'S CLASS ACTION COMPLAINT FOR VIOLATIONS OF WASHINGTON'S CONSUMER PROTECTION ACT AND THE FAIR DEBT COLLECTION PRACTICES ACT – 11

Robert Mitchell, Attorney at Law
700 W. Evergreen Blvd.
Vancouver, WA  98660
(360) 993-5000      Fax (888) 840-6003

<blockquote>
If the Claim involves a hospital debt: (a) Fail to include, with the first written notice to the debtor, a notice that the debtor may be eligible for charity care from the hospital, together with the contact information for the hospital.
</blockquote>

RCW 19.16.250(29)(a).

8.10    Defendants' first written notice to Plaintiff and members of the Class failed to include the notice of potential eligibility for charity care required by RCW 19.16.250(29)(a).

8.11    Defendants' unfair or deceptive acts or practices impacted the public interest because they injured Plaintiff and thousands of other persons to whom Defendants sent the same letters, and have the capacity to injure hundreds more. RCW 19.86.093. Further, the Washington Supreme Court has explicitly held that "[t]he business of debt collection affects the public interest, and debt collection agencies are subject to strict regulation to ensure they deal fairly and honestly with alleged debtors." *Panag v. Farmers Ins. Co. of Washington*, 166 Wn.2d 27, 54, 204 P.3d 885 (2009).

8.12    Plaintiff and other class members were injured in their business and property where they were forced to pay money that should have been discharged pursuant to Washington's Charity Care Act, and forced to take time away from otherwise economically productive activities to research whether they owed the amounts Defendants claimed for hospital care or when they paid money to Defendants.

8.13    Defendants' unfair or deceptive acts or practices are the direct and proximate cause of Plaintiff and other class members' damages and injuries.

8.14    An injunction is necessary to prevent Defendants from forcing any more of Washington's neediest citizens to pay any hospital debts that should be reduced or discharged through Washington's Charity Care Act. In addition, an injunction is needed to preclude Defendants from collecting any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claims based its violation of RCW 19.16.250. See RCW 19.16.450.

PLAINTIFF'S CLASS ACTION COMPLAINT FOR VIOLATIONS OF WASHINGTON'S CONSUMER PROTECTION ACT AND THE FAIR DEBT COLLECTION PRACTICES ACT – 12

Robert Mitchell, Attorney at Law
700 W. Evergreen Blvd.
Vancouver, WA  98660
(360) 993-5000     Fax (888) 840-6003

## IX. SECOND CAUSE OF ACTION

### (Fair Debt Collection Practices Act, 15 U.S.C. § 1692a *et seq.*)

9.1    Plaintiff re-alleges all preceding paragraphs as though fully set forth herein.

9.2    The Fair Debt Collection Practices Act (hereinafter "FDCPA") applies in this case because Defendants are debt collectors as defined by 15 U.S.C. § 1692a(6), Defendants regularly collect defaulted debts originally owed to others, the principle purpose of Defendants' business is the collection of defaulted debts originally owed to others, Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), and the hospital bill at the heart of this action is a "debt" as defined by 15 U.S.C. § 1692a(5), which arose as an obligation of Plaintiff to pay money arising out of a transaction in which the medical services were primarily for personal, family, or household purposes.

9.3    The FDCPA states in pertinent part: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

9.4    The FDCPA further prohibits: "The false representation of the character, amount, or legal status of a debt…." 15 U.S.C. § 1692e(2).

9.5    The FDCPA further prohibits: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

9.6    The FDCPA also states: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.

9.7    The FDCPA further states that it is an unfair act to collect or attempt to collect "any amount (including any interest, fee, charge, or expense incidental to the principal

PLAINTIFF'S CLASS ACTION COMPLAINT FOR
VIOLATIONS OF WASHINGTON'S CONSUMER
PROTECTION ACT AND THE FAIR DEBT COLLECTION
PRACTICES ACT – 13

Robert Mitchell, Attorney at Law
700 W. Evergreen Blvd.
Vancouver, WA  98660
(360) 993-5000      Fax (888) 840-6003

obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

9.8     In this case, Defendants mailed Plaintiff an intentionally deceptive collection letter demanding payment of an unidentified medical debt that Plaintiff did not owe.

9.9     The Consent Decree filed in Pierce County Superior Court Cause No. 17-2-10901-6, and the letter Plaintiff received from Washington's Attorney General (**EX C**) clearly illustrate that Plaintiff is entitled to Charity Care.

9.10    Plaintiff was eligible for Charity Care when the underlying services were received.

9.11    Defendants' collection letter was designed to obfuscate Plaintiff's entitlement to charity care.

9.12    Defendant used unfair and unconscionable means, and Defendants' false, deceptive, and misleading representations in attempt to collect an amount that Plaintiff did not owe.

9.13    Defendants' unfair and unconscionable means, and Defendants' false, deceptive, and misleading representations of the character, amount, or legal status of the debt, in attempt to collect an amount that Plaintiff did not owe, violated 15 U.S.C. § 1692e; 15 U.S.C. § 1692e(2); 15 U.S.C. § 1692e(10); 15 U.S.C. § 1692f; and 15 U.S.C. § 1692f(1).

9.14    Plaintiff was injured and damaged by Defendants' actions when she paid $20.00 to avoid further collection consequences, and where she was forced to take time to research Defendants' claims and seek out and retain an attorney.

9.15    Defendants' actions were a direct and proximate cause of Plaintiff's injuries and damages.

PLAINTIFF'S CLASS ACTION COMPLAINT FOR
VIOLATIONS OF WASHINGTON'S CONSUMER
PROTECTION ACT AND THE FAIR DEBT COLLECTION
PRACTICES ACT – 14

Robert Mitchell, Attorney at Law
700 W. Evergreen Blvd.
Vancouver, WA  98660
(360) 993-5000      Fax (888) 840-6003

9.16    Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

9.17    Defendants' actions illustrate why an injunction is necessary to protect Plaintiff and other Washington citizens from similar harm.

9.18    Defendants' initial written communication with each member of the Subclass was in substantially the same form as the December 31, 2019 letters Plaintiff received and failed to provide the validation notice required by the FDCPA.

9.19    Under the FDCPA, Plaintiff and the Subclass are entitled to all actual damages and statutory damages of up to $1,000 for Plaintiff and up to 1% of Defendants' net worth for the Subclass, along with attorneys' fees and costs. 15 U.S.C. § 1692k.

## X.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the proposed Class be certified under Rule 23 and judgment be entered against Defendants as follows:

A.  For injunctive and declaratory relief:

 a.  declaring Defendants' debt collection practices described in this complaint to be unlawful;

 b.  prohibiting Defendants from sending letters to collect medical or hospital debts that fail to advise Washington citizens of their potential eligibility for charity care and their validation rights;

 c.  prohibiting Defendants, or any other person, from attempting to collect more than the amount of the underlying alleged medical debts from Plaintiff and Class members;

PLAINTIFF'S CLASS ACTION COMPLAINT FOR
VIOLATIONS OF WASHINGTON'S CONSUMER
PROTECTION ACT AND THE FAIR DEBT COLLECTION
PRACTICES ACT – 15

Robert Mitchell, Attorney at Law
700 W. Evergreen Blvd.
Vancouver, WA  98660
(360) 993-5000      Fax (888) 840-6003

B. For an award to Plaintiff and Class members of actual damages, treble damages, costs and attorneys' fees under RCW 19.86.090;

C. For an award to Plaintiff and Class member of actual damages, statutory damages, costs, and attorneys' fees under 15 U.S.C. § 1692k; and

D. For such other and further relief as may be just and equitable.

## XI.  REQUEST FOR TRIAL BY JURY

Plaintiff hereby requests a trial by jury.

DATED this 31st day of December, 2020.

Respectfully submitted,


By: Robert W. Mitchell, WSBA #37444
    Robert Mitchell, WSBA #37444
    Email: bobmitchellaw@gmail.com
    700 Evergreen Boulevard
    Vancouver, Washington 98660
    Telephone:  (360) 993-5000
    Facsimile:   (888) 840-6003

*Attorney for Plaintiff*

PLAINTIFF'S CLASS ACTION COMPLAINT FOR
VIOLATIONS OF WASHINGTON'S CONSUMER
PROTECTION ACT AND THE FAIR DEBT COLLECTION
PRACTICES ACT – 16

Robert Mitchell, Attorney at Law
700 W. Evergreen Blvd.
Vancouver, WA  98660
(360) 993-5000      Fax (888) 840-6003